# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**ALPHA RHO ALUMNI CORPORATION,**

    **Plaintiff,**

v.                                          **CIVIL ACTION NO. 1:15-cv-44**
                                              **(Judge Bailey)**

**FIRST UNITED BANK AND**
**TRUST, INC.,**

    **Defendant.**

## MEMORANDUM ORDER AND OPINION
## DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

Currently pending before this Court is Defendant First United Bank and Trust, Inc.'s ("First United") Motion to Alter or Amend Judgment [Doc. 56], filed on April 22, 2016. Plaintiff Alpha Rho Alumni Corporation ("Alpha Rho") filed a Response in Opposition [Doc. 58] to the Motion on May 6, 2016. First United filed a Reply in Support [Doc. 59] on May 13, 2016. Having been fully briefed, this matter is now ripe for adjudication. For the reasons set forth below, this Court denies First United's Motion to Alter or Amend Judgment.

## I. BACKGROUND

As this Court has previously discussed the procedural and factual history of this matter at length in the Memorandum Order and Opinion Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment ("the Summary Judgment Order") [Doc. 54], the same does not bear repeating here. As one can infer from the title of that Order, Alpha Rho was granted summary judgment on April 8,

2016 [Id.]. In relevant part, the Summary Judgment Order provided that:

> this Court finds that the contested terms of the contract and modifications are unambiguous. As such, the modifications effectively changed the end date for interest only payments at a fluctuating rate on the loan from January 21, 2007 to February 21, 2009. First United improperly fixed the loan interest rate at 8.5% on January 21, 2007, and it should have billed Alpha Rho at a fluctuating rate up through February 21, 2009, in accordance with the terms of the original contract in the interest only period. Accordingly, First United is liable for contractual damages to Alpha Rho for its failure to correct the interest rate up through the present day.

[Id. at 10]. In accordance with the terms of the Summary Judgment Order, the parties were ordered to submit affidavits as to the damages that Alpha Rho sustained in this breach of contract action, including prejudgment interest as provided by W.Va. Code § 56-6-27 [Id. at 10-11]. Both parties submitted their Affidavits on April 22, 2016 [Docs. 55 and 57], the same day that First United filed in the instant Motion to Alter or Amend [Doc. 56]. As noted above, this matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

A party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment. See Fed. R. Civ. P. 59(e). As this Court noted in **Schoene v. McElroy Coal Company and CONSOL Energy**, 2016 WL 676449 at *1(N.D. W.Va. Feb. 18, 2016), "[a] district court has some discretion when ruling upon a motion to alter or amend a judgment pursuant to Rule 59(e) because the rule does not list specific grounds (citing Fed. R. Civ. P. 59(e))." The Fourth Circuit Court of Appeals has outlined three grounds upon which a Fed. R. Civ. P. 59(e) motion may be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." **Pettis v. Nottoway County**

2

*School Bd.*, 592 Fed.Appx. 158, 161 (4th Cir. 2014); *Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 411 (4th Cir. 2010).[1] Additionally, such "motions may not be used ... to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Robinson*, 599 F.3d at 411; *see also Medicus Ins. Co. v. Cross*, 2015 WL 2090019, at *1 (N.D. W.Va. May 5, 2015). A Fed. R. Civ. P. 59(e) motion may also not be used to re-litigate old matters and is an extraordinary remedy that should be used sparingly. *Id.* It is likely improper to use such a motion to ask the court to "rethink what the court has already thought through-rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va.1983).[2]

### III. DISCUSSION:

**A.** **First United's Argument that the "Construction Loan Agreement and Promissory Note are Contradictory and are Ambiguous" is Denied**:

In its fourth point of its Motion to Alter or Amend, First United contends that, "[b]ecause the Construction Loan Agreement and Promissory Note are contradictory, they are ambiguous when considered together" [Doc. 56 at 7-9]. Of note, while First United cited the grounds for Fed. R. Civ. P. 59(e) relief outlined in *Schoene* in its Motion to Alter

---

[1] This Court outlined substantively the same grounds for relief in *Schoene*: "(1) it is necessary to correct manifest errors of law or fact upon which the judgment is based, (2) there is newly discovered evidence, (3) it is necessary to prevent manifest injustice, or (4) there has been an intervening change in controlling law." 2016 WL 676449 at *1 (*citing* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d. ed. 1995)).

[2] As Magistrate Judge James E. Seibert often intones, "there is a special place in Hell for lawyers who file motions to reconsider."

3

or Amend, it did not specify which factor applied to its argument that the language of the contract was ambigious.  Instead, it trots out the same evidence cited in its Motion for Summary Judgment [Doc. 42], which this Court has already interpreted as being unambiguous in Alpha Rho's favor.  Indeed, in its Response, Alpha Rho counters by noting that this Court's "prior analysis of the contract at issue in this case was full and complete and should not be disturbed," and that this Court's prior determination that the contractual language is the "law of the case," and should not be re-visited by this Court [Doc. 58 at 1-2].  Only in its Reply does First United specifically argue that its argument as to the contractual language, "falls squarely into one of the exceptions to the 'law of the case' doctrine," namely that it seeks to clarify this Court's previous decision which was either, "clearly erroneous or would work manifest injustice" [Doc. 59 at 5].  First United's arguments are misplaced, as this Court's prior decision was not "clearly erroneous," nor would "manifest injustice" result from upholding the previous ruling.

Again, First United merely recites the same contractual passages which were discussed at length in this Court's Summary Judgment Order and now argues that this language should be deemed ambiguous.  As the Eastern District of Virginia noted in **Above the Belt, Inc.**, "[i]t is clear . . . that there are circumstances when a motion to reconsider may perform a valuable function.  In this case no function at all, other than reiteration, was served by the motion."  99 F.R.D. at 100.  The same applies here.

In the Summary Judgment Order, this Court clearly interpreted controlling contract law, and applied that law to the evidence of this case.  This Court's opinion involved no manifest error of fact or law, nor will First United suffer manifest injustice as a result of this

4

Court's ruling. See **Pettis**, 592 Fed.Appx. at 161; see also **Schoene,** 2016 WL 676449 at *1. Accordingly, for the reasons more fully stated in the Summary Judgment Order, this Court upholds its earlier ruling, and finds, again, that language of the contract and the modifications are unambiguous. As such, First United's argument in its Motion to Amend that the "Construction Loan Agreement and Promissory Note are contradictory and, therefore, ambiguous," is overruled [Doc. 56 at 7].

B.  **First United's Arguments that Prejudgment Interest Was Improperly Awarded, Would be Punitive in Nature, or that Justice Requires that it be Stricken are all Without Merit**:

First United also makes a number of arguments regarding this Court's awarding of prejudgment interest to Alpha Rho in the Summary Judgment Order. Each of those contentions must be addressed in turn.

First United contends that because Alpha Rho, in its Motion for Summary Judgment, requested prejudgment interest under W.Va. Code § 56-6-31 ("56-6-31") and not W.Va. Code § 56-6-27 ("56-6-27"), this Court's award of interest pursuant to 56-6-27 was improper [Doc. 56 at 4]. In making this argument, First United contends that it "should be given the opportunity to discover and present evidence to the Court on whether prejudgment interest is appropriate in this case" [Id. at 5]. However, this contention fundamentally mis-characterizes the procedural history of this case.

As Alpha Rho demonstrates in its Response, it has alleged this action as one founded upon contract and asserted its right to prejudgment interest since the inception of this case, including in the "WHEREFORE" paragraph of the Complaint [Doc. 58 at 4; see also Doc. 1-5 at 5-6]. First United specifically denied, "all allegations asserted in the

5

WHEREFORE paragraph of the Complaint and further denies that [Alpha Rho] is entitled to any relief or damages requested" [Doc. 4 at 4]. Moreover, Alpha Rho asserted a claim for prejudgment interest in its Motion for Summary Judgment [Doc. 43-1 at 13-14], to which First United could, and did, respond [Doc. 49 at 13-14]. First United, inexplicably, did not address the issue of prejudgment interest in its own Motion for Summary Judgment or in any other dispositive motion leading up to this case. This oversight does not mean that First United was not given the opportunity to address the issue of prejudgment interest; instead, First United simply did not adequately take advantage of its opportunities to address that issue.

Ample West Virginia case law provides that, "[i]n an action founded on contract, a claimant is entitled to have the jury instructed that interest may be allowed on the principal due, [56-6-27], but is not entitled to the mandatory award of interest contemplated by [56-6-31], since this statute does not apply where the rule concerning interest is otherwise provided by law." Syl. Pt. 3, **Ringer v. John**, 230 W.Va. 687, 742 S.E.2d 103 (2013) (*citing* Syl. Pt. 4, **Thompson v. Stuckey**, 171 W.Va. 483, 300 S.E.2d 295 (1983)). First United was on notice from the outset of this action that this case is one which is, "founded upon contract," and had numerous opportunities to correctly address which statutory provision governing prejudgment interest should apply to this action, including in its Response to Alpha Rho's Motion for Summary Judgment. First United squandered those opportunities, and its complaint that it, "had no notice prompting it to present evidence or formulate argument in opposition to a potential prejudgment award," [Doc. 59 at 2], is without merit.

In a similar vein, this Court is also not persuaded by First United's argument that it

awarded prejudgment interest pursuant to 56-6-27 *sua sponte*. As noted previously, Alpha Rho has contended that it is entitled to prejudgment interest since the advent of this action. While Alpha Rho cited 56-6-31(a), not 56-6-27, in its Motion for Summary Judgment arguing that it was entitled to the same, that does not mean that this Court's award was one which was *sua sponte*. *Sua sponte* is defined by Black's Law Dictionary as, "without prompting or suggestion; on its own motion." Black's Law Dictionary (10th ed. 2014). This Court did not act "without prompting or suggestion" in awarding prejudgment interest pursuant to 56-6-27, but instead applied the correct provision of the West Virginia Code to Alpha Rho's argument that it was entitled to prejudgment interest. Accordingly, this Court, again, merely applied the correct statutory provisions to Alpha Rho's argument that it was entitled to prejudgment interest. First United's suggestions to the contrary are without merit.

Finally, First United argues that while prejudgment interest under 56-6-31 is mandatory under West Virginia law, the same is merely discretionary under 56-6-27 [Doc. 56 at 6]. As such, this Court should, for equitable considerations, allow First United to present evidence on this point now that it has notice of an available award under 56-6-27 [Id.]. First United is correct in that this Court's award of prejudgment interest to Alpha Rho was discretionary. *See* Syl. Pt. 3, **Ringer v. John**, 230 W.Va. 687, 742 S.E.2d 103; *see also* Syl. Pt. 4, **Thompson v. Stuckey**, 171 W.Va. 483, 300 S.E.2d 295. However, the use of the word "jury" in 56-6-27 has been interpreted by the Supreme Court of West Virginia to mean "fact-finder." In **Velasquez v. Roohollahi**, 2014 WL 5546140 at *3 (W.Va. Nov. 3, 2014), the Supreme Court of West Virginia held that, "[b]ecause the present case sounds

7

in contract, prejudgment interest was not mandatory; rather, it was left to the fact-finder's determination. In this case, the circuit court was the factfinder . . .." Accordingly, the Supreme Court upheld the Circuit Court of Kanawha County's discretionary finding that the plaintiff therein was not entitled to prejudgment interest. Here, this Court found that there was no genuine issue of material fact that Alpha Rho was entitled to summary judgment and an award of prejudgment interest. Pursuant to the case law cited above, this finding was well within the purview of this Court in so doing. First United's arguments to the contrary are overruled.

## IV. CONCLUSION

For the reasons stated above, this Court hereby **DENIES** Defendant First United's Motion to Alter or Amend Judgment **[Doc. 56]**.

As an additional matter, the parties are hereby **ORDERED** to meet and attempt to reconcile the substantial differences in damages requested in their Affidavits [Docs. 55 and 57] both with regards to actual damages and prejudgment interest. Prejudgment interest must be calculated as simple interest, not compound interest, at a rate of 7% (seven percent). In the event that the parties are unable to reconcile these differences, they are directed to attend a hearing on the matter of prejudgment interest and damages on June 8, 2016 at 9:30 a.m. in Wheeling, WV.

It is so **ORDERED**.

The Clerk of Court is directed transmit copies of this Order to all counsel of record.

**DATED**: May 31, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE